**J. C. PENNEY COMPANY, Inc., Appellant,**

v.

**Nannie WAGGONER, Appellee.**

No. 6205.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 16, 1958.

Collins, Garrison, Renfrow & Zeleskey, Lufkin, for appellant.

Fulmer, Fairchild & Barnett, Nacogdoches, for appellee.

ANDERSON, Justice.

The appeal is from an order of the district court of Nacogdoches County overruling the defendant's plea of privilege in a slip-and-fall case.

Mrs. Waggoner, a widow, claims that oil on the floor of defendant's Nacogdoches store caused her to slip and fall. She alleges that the defendant was negligent in these respects: (a) in permitting the floor to become slippery; (b) in failing to keep the floor in a reasonably safe condition for the public; (c) in applying an excessive amount of oil to the floor. And, since the negligence, if any, occurred in the county of suit, subdivision 9a of Article 1995, Vernon's Ann.Tex.Civ.St., is relied upon to confer venue.

The evidence, which consists alone of the plaintiff's testimony, is meager and is undoubtedly weak, but we think it would be incorrect to say that there is no evidence to support the fact findings and the judgment of the trial court.

Mrs. Waggoner testified, in substance, that she entered defendant's store by a front door at about 4 o'clock of a Saturday afternoon; that she then walked along an aisle that ran lengthwise of the store; that she was walking in a normal manner; that when she was somewhere near the middle of the store her feet slipped from under her and she fell; that she partially fell into a cross aisle, with her feet and the upper part of her body on opposite sides of the aisle along which she had been walking; that, when she had been helped up, there was oil on both legs, on her left elbow, on her left hip, on her right hand, and on her dress generally; that her "right leg was plumb oily with a black looking oil" and that there was oil on the side of her left leg from the knee down; that there was a mark on the floor where her left heel had slipped and had scraped the floor clean; that it appeared that her heel had slipped through oil; that there was oil on the floor at the place where she fell; and that the

floor at the place where she fell looked about like the rest of the floor in the store. She also impliedly testified that the oil in which she fell was floor oil.

Taken together with her testimony relative to the oil that accrued to her body and clothes when she fell and with her testimony relative to the widely separated parts of her body to which oil accrued, Mrs. Waggoner's testimony to the effect that it appeared that her heel had passed "through oil" is believed sufficient to support an inference that there was an accumulation of unabsorbed oil over an appreciable area of the aisle. The trial court's finding to the effect that the floor was not reasonably safe for the general public should therefore not be disturbed, since the highly slippery nature of most types of flooring (including wood, which was the type that was in defendant's store) when coated with oil is a matter of common knowledge. Also, when Mrs. Waggoner's testimony to the effect that the floor at the place at which she fell looked like the rest of the floor is construed as meaning that all of the floor appeared to have been oiled—and we think it must be so construed, since it must be construed most favorably to the fact findings and the judgment—and when such testimony is taken together with Mrs. Waggoner's implied representation that the oil in which she fell was floor oil, there is, in our opinion, no justification for disturbing the trial court's finding to the effect that it was through the defendant's own agency that the oil came to be on the floor in the first instance. Given the presence of an excessive amount of oil on the floor and the resulting unsafe condition of the floor, and given the defendant's responsibility for the presence of the oil, we think it clear that the findings of negligence and of proximate cause should not be disturbed.

The judgment of the trial court is accordingly affirmed.